# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MONICA JONES<br>2175 Soft Wind Court<br>Columbus, OH 43232 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| OHIO HOSPITAL FOR PSYCHIATRY, LLC<br>880 Greenlawn Avenue<br>Columbus, OH 43223 | ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>CT Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, OH 43219 | ) ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff, Moncia Jones, by and through undersigned counsel, as her Complaint against Defendant Ohio Hospital for Psychiatry, LLC. ("OHP"), states and avers the following:

## PARTIES, JURISDICTION AND VENUE

1. Jones is a resident of the city of Columbus, Franklin County, Ohio.

2. ("OHP") is a domestic limited liability company that does operates a place of business at 880 Greenlawn Avenue, Columbus, Ohio 43223.

3. OHP is and, at all times herein, was an employer within the meaning of 42 U.S.C. § 2000e(b).

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Jones is alleging a Federal Law Claim under the Americans with Disabilities Act (ADA), the Family & Medical Leave Act ("FMLA") 29 U.S.C § 2601, *et seq.*

5. All material events alleged in this Complaint occurred in Franklin County, Ohio.



6. This Court has supplemental jurisdiction over Jones's state law claims pursuant to 28 U.S.C. § 1367 as Jones's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. On or about December 16, 2025, the EEOC issued a Notice of Right to Sue letter to Jones regarding Jones's EEOC Charge. See Exhibit A.

9. Jones has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(a).

## FACTS

1. On or about November 16, 2020, Jones began working for OHP.

2. Jones was employed in the positions of Director of Health and Information Management and Privacy Officer.

3. In or around June 2023, Natasha Schafer began working for OHP.

4. OHP employed Schafer in the role of CEO.

5. In or around March 2024, Jones' father was hospitalized.

6. In or around March 2024, Chris Bockleman allowed Jones to work remotely to tend to her fathers medical needs.

7. OHP employed Bokleman in the position of Chief Financial Officer.

8. In or around March 2024, Schafer reprimanded Jones for working remotely claiming Jones was in violation of OHP policy.

9. On or about March 6, 2024, Schafer revoked Jones' ability to work remotely.

10. In or around March 2024, Jones began experiencing serious health issues related to excessive menstrual bleeding ("Health Issues").

11. Jones' Health Issues led to her being diagnosed with anemia ("Jones' Disability").



12. Jones' Health Issues and Disability required surgery.

13. Throughtout the course of Jones' employment with OHP, she raised concerns with management about staffing shortages and other operational issues ("Reports of Operational Issues").

14. The Reports of Operational Issues directly contributed to a backlog in Jones' department.

15. Throughtout the course of Jones' employment with OHP, OHP failed to address the reported operational issues.

16. Despite the backlog, Schafer required Jones to attend non-essential events ("Non-essential Events").

17. In or around April 8, 2024, the Non-essential Events included a solar eclipse viewing at Schafer's home.

18. In addition to the Operational Issues, the Non-essential Events directly contributed to the backlog.

19. Jones requested to be excused from the Non-essential Events to focus on the backlog.

20. Schafer denied Jones' requests to be excused from the Non-essential Events.

21. In or around June 2024, Jones notified OHP of her Health Issues and Diagnosis ("Medical Issues Disclosure").

22. The Medical Issues Disclosure included medical documentation.

23. Jones provided Bockleman with the Medical Issues Disclosure.

24. Jones provided Jacqueline Santiago with the Medical Issues Disclosure.

25. OHP employed Santiago in the position of Human Resources Director.

26. During the Medical Issues Disclosure, Jones explained to Santiago that she needed work flexibility and potential leave ("Accomodation Request").



27. In response to the Accomodation Request, Santiago did not offer any accommodations to Jones.Jones's Accommodation Request would not cause OHP an undue hardship.

28. Before denying Jones's Accommodation Request, OHP did not determine whether Jones's Accommodation Request would cause OHP an undue hardship.

29. OHP has no contemporaneously created documents reflecting any effort to determine whether Jones's Accommodation Request would cause an undue hardship.

30. Before denying Jones's Accommodation Request, OHP did not determine the cost of Jones's Accommodation Request.

31. OHP has no contemporaneously created documents reflecting any effort to determine the cost of Jones's Accommodation Request.

32. Before denying Jones's Accommodation Request, OHP did not determine the cost of providing any accommodation besides Jones's Accommodation Request.

33. OHP has no contemporaneously created documents reflecting any effort to determine the cost of providing any accommodation besides Jones's Accommodation Request.

34. OHP did not seek outside funding to cover the cost of any undue financial hardship.

35. OHP has no contemporaneously created documents reflecting any effort to seek outside funding to cover the cost of any undue financial hardship.

36. Alternatively, OHP did not offer Jones the opportunity to pay for any financial hardship that would result from Jones's Accommodation Request.

37. Jones's Accommodation Request was reasonable.

38. OHP did not engage in any conversation with Jones for any alternative options for Jones's Accommodation Request.



39. In response to Jones's Accommodation Request, OHP failed to participate in any interactive process.

40. OHP did not provide Jones with an alternative accommodation in response to Jones's Accommodation Request.

41. OHP did not provide Jones with the opportunity to pay for any undue financial burden for a disability accommodation.

42. OHP could have provided time off as a reasonable accommodation.

43. OHP was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

44. At all times relevant herein, Jones was employed by OHP for at least 12 months and had at least 1,250 hours of service with OHP and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

45. In response to the Accomodation, Santiago discouraged Jones from filing for FMLA until her surgery was officially scheduled..

46. On or about June 16, 2024, Jones experienced a Medical emergency ("Medical Emergency").

47. The Medical Emergency required Jones to seek emergency medical care.

48. As a result of the Medical Emergency, Jones narrowly avoided a blood transfusion.

49. In or around June 2024, Jones notified OHP of the Medical Emergency ("Medical Emergency Disclosure").

50. In response to the Medical Emergency Disclosure, Schafer warned Jones that she was on her final attendance warning.



51. In response to the Medical Emergency Disclosure, Schafer did not notify Jones of her FMLA rights at that time.

52. In response to the Medical Emergency Disclosure, Schafer threatened to terminate Jones' employment.

53. In response to the Medical Emergency Disclosure, Schafer told Jones that she would be terminated for missing work even with a doctors note.

54. On or about June 28, 2024, Schafer held a leadership lunch ("Leadership Lunch").

55. Following the Leadership Lunch, Schafer allowed certain team members to go home rather than return to work.

56. Following the Leadership Lunch, Jones asked Schafer for permission to attend her pre-scheduled doctors appointment ("Appointment Request").

57. In response to the Appointment Request, Schafer questioned Jones.

58. In response to the Appointment Request, Schafer discouraged Jones from tending to her medical needs.

59. In response to the Appointment Request, Schafer stated, "Are you leaving for the appointment and returning?  Being healthy is very important and you are on a final for attendance. You called off on June 18th and did provide a doctors excuse."

60. On or about September 6, 2024, Schafer summonsed Jones for a meeting and terminated her employment ("Termination").

61. Schafer made Jones aware of her termiantion.

62. Schafer did not participate in the decision to hire Jones.

63. OHP willfully terminated Jones's employment.

64. OHP willfully took an adverse employment action against Jones.



65. OHP willfully took an adverse action against Jones.

66. On or about September 6, 2024, OHP terminated Jones' employment because of her actual and/or perceived disability.

67. On or about September 6, 2024, OHP terminated Jones' employment because she requested an accommodation.

68. On or about September 6, 2024, OHP terminated Jones' employment because she requested FMLA leave.

69. On or about September 6, 2024, OHP terminated Jones' employment in order to interfere with her qualified FMLA leave.

70. On or about September 6, 2024, OHP terminated Jones' employment because she opposed discrimination.

71. As a direct and proximate result of OHP's conduct, Jones suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.

72. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. OHP treated Jones differently than other similarly-situated employees based on her disabling condition.

74. OHP treated Jones differently than other similarly-situated employees based on her perceived disabling condition.

75. On or about Septermber 6, 2024, OHP terminated Jones's employment without just cause.

76. OHP terminated Jones's employment based on her disability.



77. OHP terminated Jones's employment based on her perceived disability.

78. OHP violated R.C. § 4112.02 when it discharged Jones based on her disability.

79. OHP violated R.C. § 4112.02 when it discharged Jones based on her perceived disability.

80. OHP violated R.C. § 4112.02 by discriminating against Jones based on her disabling condition.

81. OHP violated R.C. § 4112.02 by discriminating against Jones based on her perceived disabling condition.

82. As a direct and proximate result of OHP's conduct, Jones suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

83. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Jones is disabled.

85. In the alternative, Defendant perceived Jones as being disabled.

86. Jones's condition constituted a physical impairment.

87. At all times referenced herein, Jones was qualified to perform the functions of her position with OHP.

88. Jones's condition substantially impaired one or more of her major life activities including working.

89. Defendant perceived Jones's condition to substantially impair one or more of her major life activities including, but not limited to, working.

90. Defendant treated Jones differently than other similarly-situated employees based on her disabling condition.



91. Defendant treated Jones differently than other similarly-situated employees based on her perceived disabling condition.

92. Defendant terminated Jones without just cause.

93. Alternatively, Defendant's cited reason for Jones's termination was pretext.

94. Defendant terminated Jones's employment based on her disability.

95. Defendant terminated Jones's employment based on her perceived disability.

96. Defendant violated the ADA when it terminated Jones based on her disability.

97. Defendant violated the ADA when it terminated Jones based on her perceived disability.

98. Defendant violated the ADA by discriminating against Jones based on her disabling condition.

99. Defendant violated the ADA by discriminating against Jones based on her perceived disabling condition.

100. Jones suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

101. As a direct and proximate result of Defendant's conduct, Jones suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.***

102. Jones restates each and every prior paragraph of this Complaint, as if fully restated herein.

103. Jones informed OHP of her disabling condition.

104. Jones requested accommodations from OHP to assist with her disabilities including moving to a different location.

105. Jones's requested accommodations were reasonable.



106. There was an accommodation available that would have been effective and would have not posed an undue hardship to OHP.

107. OHP failed to engage in the interactive process of determining whether Jones needed an accommodation.

108. OHP failed to provide an accommodation.

109. OHP violated R.C. § 4112.02 by failing to provide Jones a reasonable accommodation.

110. As a direct and proximate result of OHP's conduct, Jones suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT IV: DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT**

111. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. As a result of Jones's Disability, Jones is and was considered disabled within the meaning of the ADA.

113. Jones informed OHP of her disabling condition.

114. Jones requested accommodations from OHP to assist with her disabilities.

115. Jones's requested accommodations were reasonable.

116. There was an accommodation available that would have been effective and would have not posed an undue hardship to OHP.

117. OHP failed to engage in the interactive process of determining whether Jones needed an accommodation.

118. OHP failed to provide an accommodation.



119. OHP violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 et seq. when it failed to engage in the interactive process to find a reasonable accommodation for Jones.

120. OHP violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 et seq. for not providing a reasonable accommodation for Jones.

121. As a direct and proximate result of OHP's conduct, Jones suffered and will continue to suffer damages, including economic and emotional distress damages.

122. In refusing to accommodate Jones, OHP acted with malice or reckless indifference to the rights of Jones, thereby entitling Jones to an award of punitive damages.

## COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

123. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

125. OHP is a covered employer under FMLA.

126. During her employment, Jones qualified for FMLA leave.

127. During her employment, Jones attempted to request FMLA leave by asking OHP if she qualified to take FMLA leave.

128. OHP failed to properly advise Jones of his rights under FMLA.

129. OHP unlawfully interfered with Jones's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.



130. OHP's act of discouraging Jones from filing for FMLA violated and interfered with Jones's FMLA rights.

131. As a direct and proximate result of OHP's conduct, Jones is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VI: RETALIATION IN VIOLATION OF FMLA

132. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. During her employment, Jones attempted to take FMLA leave.

134. After Jones attempted to take her qualified FMLA leave, OHP retaliated against her.

135. OHP retaliated against Jones by terminating her employment.

136. OHP willfully retaliated against Jones in violation of 29 U.S.C. § 2615(a).

137. As a direct and proximate result of OHP's wrongful conduct, Jones is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION
## (Against Schafer Only)

138. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

12



139. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

140. Schafer aided, abetted, incited, coerced, and/or compelled OHP's discriminatory termination of Jones's employment.

141. Schafer aided, abetted, incited, coerced, and/or compelled OHP's discriminatory treatment of Jones.

142. Schafer violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

143. As a direct and proximate result of Schafer's conduct, Jones has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jones respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring OHP to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;



  (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Jones for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Jones claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

             Respectfully submitted,

             */s/ William T. LaGrone*
             William T. LaGrone (0104199)
             **SPITZ, THE EMPLOYEE'S LAW FIRM**
             1103 Schrock Road, Suite 307
             Columbus, Ohio 43229
             Phone: (216) 291-4744
             Fax: (216) 291-5744
             Email: william.lagrone@spitzlawfirm.com

             *Attorney for Plaintiff Monica Jones*

### JURY DEMAND

Plaintiff Jones demands a trial by jury by the maximum number of jurors permitted.



                                             */s/ William T. LaGrone*
                                             William T. LaGrone (0104199)
                                             **SPITZ, THE EMPLOYEE'S LAW FIRM**

